UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KEVIN LYNESS,<br><br>                    Petitioner,<br><br>          v.<br><br>UNITED STATES OF AMERICA,<br><br>                    Respondent. | NO. CR-05-6029-EFS<br>NO. CV-07-5059-EFS<br><br>**ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

Before the Court, without oral argument, is *pro se* Petitioner Kevin Lyness' Motion to Vacate, Set Aside, or Correct Sentence. (Ct. Rec. 94.) After reviewing the submitted material, the Court is fully informed and denies Petitioner's motion. The reasons for the Court's Order are set forth below.

**I. Background**

On June 15, 2006, Petitioner pleaded guilty to Distribution of a Controlled Substance, Cocaine, in violation of 21 U.S.C. § 841. (Ct. Rec. 80.) After moving through the plea colloquy, the Court accepted Petitioner's guilty plea as knowing, intelligent, voluntary and not induced by fear, coercion or ignorance. (Ct. Rec. 78.)

ORDER * 1

Petitioner's Plea Agreement, Paragraph 1, titled "Guilty Plea and Maximum Statutory Penalties," put him on notice that he faced a maximum statutory penalty of forty (40) years imprisonment. (Ct. Rec. 80 at 1.) Paragraph 9(b), titled "Acceptance of Responsibility," put Petitioner on notice that the Government believed he would be subject to a career offender guideline sentence. *Id.* at 6. Paragraph 10, titled "Departures," permitted Petitioner to request a downward departure or non-guideline sentence of no less than ten (10) years if the Court found Petitioner was a career offender. *Id.* at 7. Paragraph 11, titled "Incarceration," set forth what sentences the parties could recommend depending on whether or not the Court found Petitioner was a career offender under United States Sentencing Guideline § 4B1.1. *Id.* Paragraph 11 specifically stated that the Government was permitted to argue that Petitioner was a career offender. *Id.* at 8.

At sentencing, the Government agreed with the Presentence Investigation Report and asserted that Petitioner qualified for a career offender sentence under § 4B1.1. (Ct. Rec. 88 at 2.) As expected, Petitioner responded that he did not qualify for a career offender sentence under § 4B1.1. (Ct. Rec. 86 at 2.) Even though the Court determined that Petitioner qualified as a career offender under § 4B1.1, it nevertheless sentenced him to 96 months imprisonment. (Ct. Rec. 90.) This sentence was three (3) years above the five (5) year mandatory minimum, but seven (7) years below the bottom of Petitioner's career offender guideline range and two (2) years below the ten (10) year imprisonment term Petitioner agreed to recommend in the Plea Agreement. (Ct. Rec. 80 at 7.)

ORDER \* 2

## II. Discussion

**1. Legal Standard - 28 U.S.C. § 2255**

Under section 2255, a court must vacate and set aside a judgment and discharge the prisoner, or resentence the prisoner, or grant a new trial, or correct the sentence, if the court finds any one of the following: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack.  28 U.S.C. § 2255.

A district court must grant a hearing to determine the validity of a petition brought under section 2255 "unless the motions and the files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Blaylock*, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. § 2255).  The court may deny a hearing if the movant's allegations, viewed against the record, fail to state a claim for relief or "are so palpably incredible or patently frivolous as to warrant summary dismissal." *United States v. McMullen*, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations omitted).  To earn the right to a hearing, therefore, the movant must make specific factual allegations which, if true, would entitle him to relief. *Id*.  Mere conclusory statements in a section 2255 motion are insufficient to require a hearing. *United States v. Hearst*, 638 F.2d 1190, 1194 (9th Cir. 1980).  The choice of method for handling a section 2255 motion is left to the discretion of the district court. *Shah v. United States*, 878 F.2d 1156, 1158 (9th Cir. 1989) (citations omitted).

**2. Illegal Sentence**

Petitioner argues that his 96-month § 4B1.1 career offender sentence is illegal because the sentence was not authorized by law. (Ct. Rec. 95 at 3.) The Government impliedly responds that Petitioner's sentence was proper. (Ct. Rec. 98 at 3.)

An illegal sentence is one "not authorized by judgment of conviction" or "in excess of the permissible statutory penalty for the crime." *United States v. Fowler*, 794 F.2d 1446, 1449 (9th Cir. 1986), *cert. denied* 479 U.S. 1094 (1987).

Here, Petitioner's sentence was not illegal because his sentence was authorized by the judgment of conviction and his 96-month sentence was well within the 40-year maximum statutory penalty for Distribution of a Controlled Substance, Cocaine, in violation of 21 U.S.C. § 841. Accordingly, the motions and records conclusively show that Petitioner is not entitled to relief. *See Braylock*, 20 F.3d at 1465.

**3. Due Process Violation**

Petitioner next argues that his due process rights were violated because he and the Government never reached an agreement on whether he was a career offender. (Ct. Rec. 95 at 1.) The Government responds that there is no due process violation because the Plea Agreement explicitly acknowledged that a § 4B1.1 career offender sentence enhancement was possible. (Ct. Rec. 98 at 3.)

Due process requires that a guilty plea be a knowing and voluntary act; the defendant must be advised of and understand the consequences of the plea. *Carter v. McCarthy*, 806 F.2d 1373, 1375 (9th Cir. 1996) (citations omitted). "The consequences of a guilty plea, with respect to sentencing, mean only that the defendant must know the maximum term

ORDER * 4

and fine for the offense charged. As long as [the defendant] understood the length of the time he might possibly receive, he was fully aware of his plea's consequences." *United States v. Rivera*, 898 F.2d 442, 447 (5th Cir. 1990) (citations omitted).

Due process also requires adequate notice of the possibility of a sentence enhancement based on recidivism. *United States v. Pearson*, 910 F.2d 221, 223 (5th Cir. 1990). Notice is necessary because it provides the defendant an opportunity to challenge the propriety of the enhancement. *Id*.

Here, Petitioner's 96-month § 4B1.1 career offender sentence did not violate his due process rights. To be sure, Petitioner is correct that he and the Government did not reach an agreement on whether he was a career offender. A lack of agreement, however, does not make a § 4B1.1 career offender sentence improper because Petitioner was on notice of the potential enhancement and the Plea Agreement stated that the Court would ultimately determine if Petitioner qualified as a career offender.

As indicated in the Background, Paragraphs 9(b), 10, and 11 of the Plea Agreement all discuss the potential for a career offender sentence. In fact, Paragraph 11 sets forth two separate sentencing recommendations depending on whether the Court determined Petitioner was a career offender. (Ct. Rec. 80 at 7.) Moreover, both parties submitted sentencing memoranda arguing whether or not Petitioner qualified for a § 4B1.1 career offender sentence. (Ct. Recs. 86 & 88.) Accordingly, it cannot be said that Petitioner's due process rights were violated because: (1) he was on notice of his potential eligibility for a § 4B1.1 career offender sentence; (2) his 96-month sentence was within the 40-year statutory maximum; and (3) his 96-month sentence was seven (7)

ORDER * 5

years below the bottom of Petitioner's career offender guideline range and two (2) years below the ten (10) year imprisonment term Petitioner agreed to recommend in the Plea Agreement. The motions and records conclusively show that Petitioner is not entitled to relief. *See Braylock,* 20 F.3d at 1465.

**4. Breach of Plea Agreement**

Petitioner asserts that, because the § 4B1.1 career offender sentence violated his due process rights, the literal terms of the plea agreement should be enforced. (Ct. Rec. 95 at 1.) This argument is unpersuasive because, as discussed above, the career offender sentence did not violate Petitioner's due process rights. Moreover, it is unclear how the literal terms of the Plea Agreement were not enforced.

Paragraph 11 indicated that both parties were free to argue for or against a career offender sentence - the parties did so. (Ct. Rec. 80 at 8.) The parties also agreed that the Court ultimately determines what sentence is appropriate and what enhancements apply - the Court did so and concluded Petitioner was subject to a § 4B1.1 career offender sentence. (Ct. Rec. 80 at 2-3.) Because the Plea Agreement's terms were literally enforced, Petitioner is not entitled to relief.

**5. Ineffective Assistance of Counsel**

Petitioner asserts that his counsel failed to object to the Government's alleged plea agreement breach and that this failure amounted to ineffective assistance of counsel. (Ct Rec. 95 at 4.)

Claims of ineffective assistance of counsel are governed by *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, to prove that counsel acted ineffectively, a petitioner must meet a two-prong test. First, the petitioner must show that his counsel's

ORDER * 6

performance fell below an objective standard of reasonableness. *Id*. at 687. A court's review of counsel's performance should be "highly deferential" because there is a "strong presumption" that counsel rendered adequate assistance and exercised reasonable professional judgment. *United States v. Ferreira-Alameda*, 815 F.2d 1251, 1253 (9th Cir. 1986). Second, a petitioner must also show that his counsel's deficient performance prejudiced his defense. *Strickland*, 466 U.S. at 687. "The [petitioner] must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 693-94. The court need not address both the performance prong and the prejudice prong if the petitioner fails to make a sufficient showing of either. *Id.* at 700.

Here, Petitioner cannot demonstrate that his counsel's performance fell below an objective standard of reasonableness. This is because the failure to raise a meritless legal argument does not constitute ineffective assistance of counsel. *Shah*, 878 F.2d at 1162. And since the Plea Agreement permitted both parties to argue for or against a § 4B1.1 career offender sentence, it would have been fruitless for Petitioner's counsel to argue that the Government's recommendation somehow breached the Plea Agreement at sentencing.

### III. Conclusion

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's Motion to Vacate, Set Aside or Correct Sentence **(Ct. Rec. 94)** is **DENIED**;

ORDER * 7

2. The Government's Motion for Order to Dismiss **(Ct. Rec. 99)** is **DENIED** as moot;

3. The criminal file and its civil companion case shall be closed.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and distribute copies to Respondent's counsel and Petitioner.

**DATED** this ___25th___ day of February, 2008.

        ___s/Edward F. Shea___
        EDWARD F. SHEA
       United States District Judge

Q:\Criminal\2005\6029.2255.wpd

ORDER * 8